

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Hazel Tucker,<br><br>  Plaintiff,<br>v.<br><br>Focus Receivables Management, LLC<br><br>  Defendants. | 10 - 6903<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court over claims against Defendant Focus Receivables Management, LLC (hereinafter "Defendant") arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") the Pennsylvania Fair Credit Extension Uniformity Act 73 P.S.§ 2270 et seq. ("FCEUA") in its illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Hazel Tucker is a natural person who resides in the City of Philadelphia, County of Philadelphia, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3),15 U.S.C. § 1692c(d), and 73 P.S.§ 2270.3.

5. Defendant Focus Receivables Management, LLC (hereinafter "Defendant") is a Georgia corporation and a collection agency operating from an address of 1130 Northchase Parkway, Suite 150, Marietta, Georgia 30067 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

### *First Abusive Phone Call from Defendant*

6. At some point before December 2009, an alleged consumer credit card debt allegedly owed by Plaintiff and her husband Leroy Tucker was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff, when thereafter Plaintiff started receiving collection communications from Defendant in an attempt to collect this debt.

7. Defendant attached to this alleged debt its own File Number, specifically File # 12723002.

8. In mid-December 2009, Plaintiff received a call at her from a Defendant representative.

9. The Defendant representative stated that Plaintiff owed more than ten thousand dollars on a credit card debt and that she had to begin making payments on it.

10. Plaintiff, whose fixed income comprises only a fixed monthly disability check, responded that she was disabled and therefore unable to afford the monthly payments demanded by the credit card.

11. The Defendant representative asked Plaintiff what her disability had to do with paying a debt that she owed.

12. Plaintiff responded that it meant that she did not have the money to make the demanded payment amount.

13. The Defendant representative stated that the creditor wanted their money and asked how much money Plaintiff could afford each month to pay toward the debt.

14. Plaintiff responded that she could afford at most $50 per month.

15. The Defendant representative sharply responded, "No way," and the conversation ended soon thereafter.

16. As a direct and proximate result of this abusive conversation with Defendant, Plaintiff felt embarrassed and belittled.

17. This call on this occasion from Defendant to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d and 1692f, amongst others, and in violation of the PA FCEUA, specifically 73 P.S. § 2270.4(a).

### *Second Abusive Phone Call from Defendant*

18. Within several days of the first call from Defendant, another Defendant representative called Plaintiff at her home and stated that she needed to make an immediate payment on her credit card debt.

19. Plaintiff stated that she had already told another Defendant representative that she could not afford the demanded payment amount because she was disabled and had a very limited fixed income.

20. The Defendant representative responded by asking in a raised voice what a disability had to do with anything and then stated that he was sorry that Plaintiff was disabled but that she still owed a debt.

21. Defendant then stated in a raised voice that Plaintiff could go to jail if she did not begin making immediate payments on the debt.

22. As a direct and proximate result of this abusive conversation with Defendant, Plaintiff felt sick to her stomach, embarrassed, and belittled and overwhelmingly terrified that she might soon be arrested without warning for not making payment on the alleged debt. This fear of arrest engendered unrelenting anxiety and physical symptoms thereof that persisted for weeks after the call.

23. This call on this occasion from Defendant to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(61), 1692e, 1692e(7), 1692e(4), 1692e(10), 1692f, amongst others, and in violation of the PA FCEUA, specifically 73 P.S.§ 2270.4(a).

### *Daily Harassing Calls from Defendant*

24. Over the next approximately six weeks, Defendant called Plaintiff on average 3 times per day on her home phone.

25. As a result of these harassing calls, Plaintiff ceased answering many of the calls to her phone out of fear that the caller was Defendant and because she did not believe that he should have to be subjected to the abusive treatment he had received in his previous communication with a Defendant representative.

-4-

26. As a direct and proximate result of these incessant calls to Plaintiff's home and cell phones, Plaintiff felt under constant attack by Defendant, felt like she was living under constant threat of arrest, and experienced anxiety and anger every time her phone rang.

27. These harassing calls placed by Defendant to Plaintiff constitute conduct violating numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d and 1692d(5) amongst others, and violating the PA FCEUA, specifically 73 P.S.§ 2270.4(a).

### *Respondeat Superior Liability*

28. The acts and omissions of each and every representative of Defendant who were employed as agents by Defendant and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

29. The acts and omissions by the representatives of Defendant, who were acting as debt collectors, were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

30. By committing these acts and omissions against Plaintiff in their capacity as debt collectors, the representatives of Defendant were motivated to benefit their principal, Defendant.

31. Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its representatives and its collection

employees, including but not limited to violations of the FDCPA and FCEUA, in their attempts to collect this debt from Plaintiff.

### *Summary*

32. The above-detailed conduct by Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above-mentioned provisions of the FDCPA, and the FCEUA, specifically 73 P.S.§ 2270.4(a).

33. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of hopelessness, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as in the form of physical symptoms connected to the anxiety and fear engendered by the threat of arrest.

### TRIAL BY JURY

34. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

### CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing intentional and negligent acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

37. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II.

### VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT

### 73 P.S. § 2270 et seq.

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the Pennsylvania FCEUA, specifically 73 P.S.§ 2270.4(a) with respect to Plaintiff.

40. Pursuant to 73 P.S.§ 2270.5(a), the commission of an unfair or deceptive debt collection act or practice under the Pennsylvania FCEUA constitutes a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

41. Pursuant to 73 P.S. § 201-9.2(a) of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, Defendant's violations of the Pennsylvania FCEUA entitle Plaintiff to recovery for actual damages or dollars ($100), whichever is

greater, with the additional provision that the court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100); reasonable attorney's fees and costs pursuant to 73 P.S. § 201-9.2(a), from Defendant herein; and any additional relief as the court deems necessary and proper pursuant to 73 P.S. § 201-9.2(a).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

### COUNT II.

### VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT

### 73 P.S. § 2270 et seq.

- for an award of treble actual damages pursuant to 73 P.S. § 201-9.2(a) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2(a) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: November 24, 2010

**DOV SACKS, ESQ**

By: **s/Dov Sacks**
Dov Sacks, Esq.
Attorney I.D.# 206474
Validation of Signature Code: cds8309
1424 Chestnut Street
Philadelphia, PA 19102
Telephone: (215) 981-3715
Facsimile: (215) 215-0436
cdsacks@clsphila.org

cds

**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF PENNSYLVANIA )
) ss
COUNTY OF PHILADELPHIA )

Plaintiff HAZEL TUCKER, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Hazel Tucker
September 1, 2010